IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| Diane Gangi and Daniel Gangi, | ) FILED: MAY 15, 2008 |
| | ) 08CV2841    LI |
| Plaintiffs, | ) JUDGE KOCORAS |
| | ) |
| v. | ) No. MAGISTRATE   JUDGE KEYS |
| | ) |
| Bishop, Rossi & LaForte, Ltd., | ) JURY DEMANDED |
| | ) |
| Defendant. | ) |

### COMPLAINT FOR VIOLATIONS OF
### THE FAIR DEBT COLLECTION PRACTICES ACT

*Introduction*

1. Diane Gangi and Daniel Gangi seek redress against Bishop, Rossi & LaForte, Ltd. in connection with its use of a collection letter to Plaintiffs that violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

*Jurisdiction and Venue*

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

4. Venue is also proper in this district because Defendant can be found and/or transacts business in this district.

*Parties*

5. Plaintiff Diane Gangi is a citizen of the State of Illinois who resides in this district.

6. Plaintiff Daniel Gangi is a citizen of the State of Illinois who resides in this

district.

7. Diane Gangi and Daniel Gangi are "consumer[s]" as that term is defined by FDCPA § 1692a(3) in that the alleged debt the Defendant sought to collect from Diane and Daniel Gangi is a consumer debt, as defined by FDCPA § 1692a(5), as it was originally incurred for personal, family or household purposes.

8. Defendant is a law firm with a principal place of business in Oakbrook Terrace, Ilinois.

9. Defendant is a "debt collector" as that term is defined by FDCPA § 1692a(6) in that it is in the business of the collection of debts allegedly due to others.

*Allegations*

10. Sometime in or around October 2007, on a date better known by the Defendant, Defendant was retained to collect an alleged debt from the Plaintiffs.

11. Sometime after October 29, 2007, Diane and Daniel Gangi received a letter from the Defendant for the first time, on Defendant's letterhead, dated October 29, 2007, indicating that it was attempting to collect a debt on behalf of Katherine A. Henrici allegedly owed by Diane and Daniel Gangi. A true and correct copy of this letter is attached as <u>Exhibit A</u>.

12. Defendant, through the use of its October 29, 2007 letter, sought to collect an alleged debt of $632.85 from Plaintiffs.

13. The letter stated, in relevant part:

**Demand is made upon you for payment of [$632.85]. If payment is not received, or arrangements for your payment are not made by Decemeber 3, 2007, collection proceedings will be initiated against you for the amount demanded, plus the cost of filing the action. Communication concerning this matter should be through this firm.**

(Emphasis added).

14. Defendant's letter threatened imminent suit by December 3, 2007 over an alleged

debt of $632.85 when no suit was intended.

15. In fact, Defendant has not filed suit against Diane and Daniel Gangi for any amount to date.

16. At no point in this letter did Defendant provide the notices required by FDCPA § 1692g.

## COUNT I
### *Violations of the Fair Debt Collection Practices Act Brought By Diane Gangi and Daniel Gangi, Against Bishop, Rossi & LaForte, Ltd.*

17. Plaintiff restates, realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

18. Collection letters, such as those sent by the Defendant are to be evaluated by the objective standard of the hypothetical "unsophisticated consumer."

### *Violations of FDCPA Sections 1692e, 1692e(5) and 1692e(10) – Threatened Collection by Defendant*

19. The FDCPA § 1692e provides, in relevant part:

> *A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section...*
>
> \* \* \*
>
> *(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.*
>
> \* \* \*
>
> *(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

-3-

20.   Further, § 807(5) of the Federal Trade Commission commentary to the FDCPA states, in relevant part that:

> A debt collector may not state <u>or imply</u> that he or any third party <u>may</u> take any action <u>unless</u> such action is legal and <u>there is a reasonable likelihood</u>, at the time the statement is made, that such action will be taken. A debt collector may state that certain action is possible, <u>if it is true</u> that such action is legal and <u>is frequently taken</u> by the collector or creditor <u>with respect to similar debts</u>; however, if the debt collector has reason to know there are facts that make the action unlikely in the particular case, <u>a statement that the action was possible would be misleading.</u>
>
> * * *
>
> A debt collector's <u>implication</u>, as well as a direct statement, of planned legal action may be an unlawful deception. For example, <u>reference to an attorney or to legal proceedings may mislead the debtor as to the likelihood or imminence of legal action.</u>
>
> * * *
>
> Lack of intent may be inferred <u>when the amount of the debt is so small as to make the action totally unfeasible</u> or when the debt collector is unable to take the action because the creditor has not authorized him to do so.

(Emphasis added).

21.   Defendant violated FDCPA §§ 1692e, e(5), and (10) by using false, deceptive, and misleading representations in an attempt to collect a debt.

22.   The statements made by the Defendant in its October 29, 2007 letter were false, deceptive, misleading and in violation of FDCPA §§ 1692e, e(5), and e(10) as they threatened to take imminent legal action when Defendant did not intend to take any legal action.

23.   First, it was extraordinarily unlikely that any lawsuit would be filed for a matter in controversy under $650.00.

24. Second, Defendant's letter violates the FDCPA because it threatens the Plaintiffs with the imminent likelihood of a lawsuit (here, by December 3, 2007) when such action was neither intended to be taken nor likely to be taken, and in fact, has not been taken to date.

### *Violations of Section 1692g – Overshadowing Violation*

25. The FDCPA, 15 U.S.C. § 1692g requires that a debt collector include a validation notice either with, or sent within five (5) days of, the initial communication from the debt collector to the consumer statement of notice.

26. The FDCPA § 1692g provides, in relevant part:

> *(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—*
>
> \*      \*      \*
>
> *(1) a statement that unless the consumer, within thirty days after receipt of of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;*
>
> *(2) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and*
>
> *(3) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.*

27. Under federal law, this validation notice must be effectively communicated, and may not be overshadowed, confounded, or diluted as seen from the perspective of the reasonably unsophisticated consumer.

28. Defendant's October 29, 2007 letter violates FDCPA § 1692g(a)(3), (4), (5) by

failing to contain the required notices.

WHEREFORE, Plaintiffs Diane Gangi and Daniel Gangi respectfully request that this Court grant the following relief in their favor, and against Defendant, as follows:

      (a)    Actual and statutory damages provided by FDCPA 15 U.S.C. § 1692k;

      (c)    Attorney's fees, litigation expenses and costs; and

      (d)    Any other relief that this Court deems appropriate under the circumstances.

Respectfully Submitted,

By_____
One of Plaintiffs' Attorneys

Lance Raphael
Stacy Bardo
Allison Krmhorn
THE CONSUMER ADVOCACY CENTER, P.C.
180 W. Washington
Suite 700
Chicago, IL 60602
(312) 782-5808

```
08CV2841          LI
JUDGE    KOCORAS
MAGISTRATE   JUDGE KEYS
```

# EXHIBIT A

**BISHOP, ROSSI & LAFORTE, LTD.**

ATTORNEYS & COUNSELORS AT LAW

TWO TRANSAM PLAZA
SUITE 200
OAKBROOK TERRACE, ILLINOIS 60181
TELEPHONE 630/916-0123 • FACSIMILE 630/916-0567

October 29, 2007

Mr. and Mrs. Daniel Gangi
314 Herrick Rd.
Riverside, IL 60546-2019

Dear Mr. and Mrs. Gangi:

This firm represents Katherine A. Henrici with respect to the following matter.

In or about April, 2003, you borrowed from Ms. Henrici a Passier & Sohn saddle for use by your daughter, Taylor, in her riding lessons.

Prior to December, 2006, Taylor discontinued her riding lessons. Thereafter, without the permission of Ms. Henrici, Taylor gave the saddle to Gina Cotugno. Ms. Cotugno used the saddle to exercise thoroughbred horses.

Ms. Henrici recovered the saddle from Jack Cotugno in June, 2007. When recovered, the saddle bag, girth, and name plate were missing, the seams were torn where the billets are joined to the saddle, and the leather of the saddle seat was badly scuffed and scratched. The original stirrup leathers were replaced with those of inferior quality.

The cost of restoration and replacement of the missing parts is $382.85, see estimate attached. Further, Ms. Henrici incurred expense of $250 in recovery of the saddle, a total of $632.85.

Demand is made upon you for payment of that amount. If payment is not received, or arrangements for your payment are not made by December 3, 2007, collection proceedings will be initiated against you for the amount demanded, plus the cost of filing the action. Communication concerning this matter should be through this firm.

Very truly yours,

*Ra Hall*

Robert A. Hall

RAH/br
Enclosure



**QROS SADDLERY**
1931 West Wilson Street
Batavia, Illinois 60510
Tel: (630) 482-3240
Fax: (630) 482-3250

DATE: 13 OCT/07

NAME: Kathnine Hennice

| Item | Amount |
|---|---|
| Leathers | 83 – 104 |
| Girth | 143.95 |
| Saddle Case | 83.95 |
| Saddle Pad | 36.95 |
| Saddle Treat | 35.00 |
| clean | |
| | $382.85 |

2738

All claims and returned goods MUST be accompanied by this bill.
NEBS To Reorder: 800-225-6380 or nebs.com   THANK YOU